**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| RICHARD NOLET, | : | CIVIL ACTION NO. 09-961 (MLC) |
|     Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| XL GROUP, INC., | : | |
|     Defendant. | : | |

    **THE PLAINTIFF** bringing this action against defendant in New Jersey state court for breach of an employment agreement ("Agreement") (dkt. entry no. 1, Rmv. Not., Ex. A, Compl.); and defendant removing the action to this Court under 28 U.S.C. § 1332 (Rmv. Not. at 3); and the Court having directed plaintiff to file a motion to remand the action to New Jersey state court (dkt. entry no. 9, 4-7-09 Order); and plaintiff now moving to remand the action to New Jersey state court (dkt. entry no. 11, Mot. to Remand); and defendant opposing the motion (dkt. entry no. 12, Def. Br.); and

    **PLAINTIFF** arguing that the action must be remanded based on a forum selection clause in the Agreement ("Forum Provision") (dkt. entry no. 11, Pl. Br. at 1, 3); and the Forum Provision providing that

> Employee [plaintiff] hereby irrevocably and
> unconditionally (i)consents to submit to the exclusive
> jurisdiction of the courts of the State of New Jersey,
> for any actions, suits or proceedings arising out of or
> relating to this Agreement (and Employee agrees not to

> commence any action, suit or proceeding relating
> thereto except in such courts), . . . (iii) waives any
> objection to the laying of venue of any action, suit or
> proceeding arising out of this Agreement in the courts
> of the State of New Jersey, and (iv) waives and agrees
> not to plead or claim in any such court that any such
> action, suit or proceeding brought in any such court
> has been brought in an inconvenient forum

(Rmv. Not., Ex. A, Certification of Rimma Razhba, Ex. B, Employment Agreement at 8); and plaintiff asserting that the Forum Provision is a mandatory forum selection clause agreed to by both parties and thus the action may only proceed in New Jersey state court (Pl. Br. at 3-10); and

**DEFENDANT** opposing the motion and arguing that the action was properly removed to this Court (Def. Br. at 6); and defendant asserting that the Court may properly retain jurisdiction over the action (id.); and

**IT APPEARING** that forum selection clauses are presumptively valid and will be respected unless they are shown to be unreasonable, Cadapult Graphic Sys., Inc. v. Tektronix, Inc., 98 F.Supp.2d 560, 564 (D.N.J. 2000); and the Court finding that the Forum Provision does not restrict defendant from removing the action to this Court as the Forum Provision applies only to plaintiff (see Employment Agreement at 8 ("Employee . . . consents to submit to the exclusive jurisdiction of the courts of the State of New Jersey, for any actions . . . arising out of or relating to this Agreement." (emphasis added))); and the Court finding that the Forum Provision does not include limitations on

where defendant may bring an action or proceeding (see id.); and the Court further finding that the Forum Provision does not contain restrictions on where all actions or proceedings arising out of or related to the Agreement must be brought, but rather limits only those actions commenced by plaintiff (see id. (stating that "Employee agrees not to commence any action, suit or proceeding relating [to the Agreement] except in [courts of the State of New Jersey]")); and

**THE COURT** thus intending to deny plaintiff's motion to remand the action to state court; and the Court having considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b); and for good cause appearing, the Court will issue an appropriate order.

       s/ Mary L. Cooper     
**MARY L. COOPER**
United States District Judge

Date: June 18, 2009