**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| RICHARD NOLET, | : | CIVIL ACTION NO. 09-961 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| XL GROUP, INC., | : | |
| | : | |
| Defendant. | : | |

THE COURT ordering the parties to show cause why the action should not be transferred to either the United States District Court for the Eastern District of Pennsylvania or the United States District Court for the District of Massachusetts under 28 U.S.C. §§ ("Section") 1404 or 1406 (dkt. entry no. 16, Order to Show Cause); and plaintiff bringing this action in New Jersey state court to recover damages for breach of an employment agreement (dkt. entry no. 1, Compl.); and defendant removing the action to federal court based upon Section 1332 (dkt. entry no. 1, Rmv. Not.); and

THE COURT being concerned that the claim in this action — despite choice of law and forum provisions in the employment agreement (see Rmv. Not., Ex. A, Certification of Rimma Razhba, Ex. B, Employment Agreement at 8) — has no connection to New Jersey; and it appearing that (1) plaintiff is domiciled in Massachusetts, which is served by the United States District Court for the District of Massachusetts, and (2) defendant's

principal place of business is in Doylestown, Pennsylvania, which is served by the United States District Court for the Eastern District of Pennsylvania (see Compl. at 1; Rmv. Not. at 1); and it appearing that defendant (1) is not a registered business in New Jersey, (2) does not maintain a regional office in New Jersey, (3) does not have a registered agent in New Jersey, and (4) is not registered to do business in New Jersey (Certification of Rimma Razhba at 2); and

PLAINTIFF opposing transfer of venue (dkt. entry no. 17, Pl. Resp.); and plaintiff arguing that venue is proper in New Jersey under Section 1391(a) based upon a forum selection clause in the employment agreement ("Forum Provision") (id. at 2); and plaintiff acknowledging that a substantial part of the events giving rise to the claim did not occur in New Jersey and neither party is a citizen of New Jersey (id.); and plaintiff further arguing that the Jumara factors weigh against transferring the action to a different venue (id. at 5-8), see Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995); and

DEFENDANT supporting transfer of venue to the Eastern District of Pennsylvania (dkt. entry no. 18, Def. Resp.); and defendant arguing that the action can be properly brought in the Eastern District of Pennsylvania under Section 1391(a) since defendant resides within that district (id. at 2); and defendant asserting that (1) it does not reside in New Jersey, (2) none of

2

the events or omissions giving rise to plaintiff's claim occurred
in New Jersey, and (3) no property subject to plaintiff's claim
is situated in New Jersey (id.); and defendant further arguing
that the Jumara factors favor transferring the action to the
Eastern District of Pennsylvania (id. at 4-6); and

**IT APPEARING** that the Court's jurisdiction is based upon
diversity of citizenship under Section 1332 (see Rmv. Not. at 3);
and it appearing that Section 1391(a) governs venue in this
action and provides that where jurisdiction is premised on
diversity of citizenship, an action

> may . . . be brought only in (1) a judicial district
> where any defendant resides, if all defendants reside
> in the same State, (2) a judicial district in which a
> substantial part of the events or omissions giving rise
> to the claim occurred, or a substantial part of
> property that is the subject of the action is situated,
> or (3) a judicial district in which any defendant is
> subject to personal jurisdiction at the time the action
> is commenced, if there is no district in which the
> action may otherwise be brought.

28 U.S.C. § 1391(a) (emphasis added); see also Tischio v. Bontex,
Inc., 16 F.Supp.2d 511, 516 (D.N.J. 1998); and it appearing that
for purposes of Section 1391, "a defendant that is a corporation
shall be deemed to reside in any judicial district in which it is
subject to personal jurisdiction at the time the action is
commenced," 28 U.S.C. § 1391(c); and it further appearing that,
under Section 1406(a), when a district court determines that
venue is improper, the district court must dismiss the complaint,
or, in the interest of justice, transfer the action to any

3

district in which the action could have been brought, 28 U.S.C. § 1406(a); and it also appearing that Section 1406(a) applies only when venue is improper, id.; Lafferty v. St. Riel, 495 F.3d 72, 77-78 (3d Cir. 2007); and

**THE COURT** finding that venue is improper in New Jersey under Section 1391(a); and the Court finding that defendant does not reside in New Jersey for venue purposes (see Certification of Rimma Razhba at 2 (outlining defendant's lack of contacts with New Jersey); see also Def. Resp. at 2 (asserting that defendant does not reside in New Jersey)); and the Court finding that a substantial part of the events or omissions giving rise to the claim did not occur in New Jersey (see Pl. Resp. at 2; Def. Resp. at 2); and the Court finding that Section 1391(a)(3) does not apply since the action could have been brought in the Eastern District of Pennsylvania, where defendant resides (see Def. Resp. at 2), 28 U.S.C. § 1391(a); see Calkins v. Dollarland, Inc., 117 F.Supp.2d 421, 425-26 (D.N.J. 2000); and

**PLAINTIFF** asserting that venue is proper in New Jersey based solely on the Forum Provision (Pl. Resp. at 2);[1] and it appearing that through the Forum Provision, plaintiff, not defendant, consented to the exclusive jurisdiction of the courts of New

---

[1]   The main case upon which plaintiff relies, Anastasi Bros. Corp. v. St. Paul Fire & Marine Ins. Co., 519 F.Supp. 862 (E.D. Pa. 1981), is distinguishable.  In Anastasi Bros., unlike here, venue was proper in the forum designated by the forum selection clause, which applied to both parties. See 519 F.Supp. at 863-64.

Jersey and waived any objection to a New Jersey venue for "any actions, suits or proceedings arising out of or relating to" the employment agreement (Employment Agreement at 8); and the Court having previously determined that the Forum Provision limited only the forum in which plaintiff, not defendant, could bring an action (see dkt. entry no. 14, 6-18-09 Mem. Op. at 2-3 (finding that Forum Provision "does not contain restrictions on where all actions or proceedings arising out of or related to the [employment agreement] must be brought, but rather limits only those actions commenced by plaintiff")); and the Court thus concluding that the Forum Provision alone is insufficient to establish proper venue under Section 1391(a), see Jumara, 55 F.3d at 880 (stating that forum selection clause is factored into Section 1404(a) analysis "as a manifestation of the parties' preferences as to a convenient forum"); cf. Park Inn Int'l, L.L.C. v. Mody Enters., Inc., 105 F.Supp.2d 370, 372, 375-76 (D.N.J. 2000) (finding venue proper under Section 1391(a) where defendant explicitly waived venue objection in binding forum selection clause); and the Court emphasizing that neither party has identified any connection between this action and New Jersey other than the Forum Provision (see Pl. Resp.; Def. Resp.); and the Court concluding that venue in New Jersey is improper under Section 1391(a); and

**THE COURT** thus intending to (1) grant the Order to Show Cause, and (2) transfer the action, pursuant to Section 1406(a), to the Eastern District of Pennsylvania, where the action could have been brought; and the Court having considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b); and for good cause appearing, the Court will issue an appropriate order.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: July 10, 2009

6